# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62400-BLOOM/Valle

L.B. JOHNSON, *et al.*,

    Plaintiffs,

v.

TIMOTHY NIERMANN, *et al.*,

    Defendants.

_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court upon Defendants Timothy Niermann ("Niermann ") and the Florida Department of Juvenile Justice's (the "DJJ") Motion to Dismiss Plaintiffs' Second Amended Complaint, ECF No. [38] (the "Motion"). The Court has reviewed the Motion, the supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

On December 19, 2019, Plaintiffs L.B. Johnson, Jr. and Tammy Sue Stewart (collectively "Plaintiffs") filed the Second Amended Complaint ("SAC") against Defendants Timothy Niermann, the DJJ, Youth Opportunity Investments, LLC, Latoya Jackson, Carmita Rosenberg, Ira Bloom, Ms. Johnson, Zedrick Gardner, and Sharon Hill-Smith (collectively "Defendants"). In the SAC, Plaintiffs assert claims for deliberate indifference, negligence and wrongful death against the Defendants. Niermann and the DJJ have now moved to dismiss the SAC arguing, among other grounds, that the SAC amounts to an impermissible shotgun pleading. ECF No. [38], at 7-9. Specifically, Niermann and the DJJ argue that as drafted the SAC's "pleading style is very confusing." *Id.* at 8. Further, Niermann and the DJJ argue that Counts Two and Three adopt all

of the allegations of the preceding counts, and have improperly lumped all of the Defendants together. *Id.* at 8-9. Plaintiffs respond that Niermann and the DJJ's argument that the SAC is a shotgun pleading is "is not supported by the record," and that the SAC "specifically spells out what causes of actions are being levied against each Defendant." ECF No. [39], at 4.

The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings, stating

> [t]hough the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Further, a shotgun complaint is one that contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.,* 205 F.3d 1293, 1295 (11th Cir. 2002); *see also Pelletier v. Zweifel,* 921 F.2d 1465, 1517–18 (11th Cir. 1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they assert"); *Osahar v. U.S. Postal Service,* 297 Fed. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that

are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 979–80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).

Here, the Court agrees with Niermann and the DJJ that the SAC amounts to a shotgun pleading. Indeed, the SAC is a shotgun pleading in several respects. First, Count One of the SAC, which is entitled "Violation of Civil Rights," contains ten subparts asserting different bases for liability against different Defendants. Thus, Count One fails to separate into a different count each cause of action or claim for relief. Second, Counts Two and Three of the SAC incorporate all preceding paragraphs before them. *See, e.g.*, SAC, ECF No. [3], at 45 ("Count II – State Law Claim for Negligence . . . plaintiffs adopt herein by reference all of the averments set forth above."); *see also id.* ("Count III -State [*sic*] Law Claim for Wrongful Death . . . plaintiffs adopt herein by reference all of the averments set for above."). This is a quintessential shotgun pleading, and the Eleventh Circuit Court of Appeals has referred to this type as the most common type of shotgun pleading. *See Weiland*, 792 F.3d at 1321. Moreover, the SAC is a shotgun pleading because its counts impermissibly reference acts done by the "Defendants" collectively, which improperly lumps them together. This is especially problematic considering that there are nine different Defendants named this lawsuit, which include individual Defendants and several Defendants that are departmental agencies.

Because the Court finds that the SAC is an improper shotgun pleading, it need not address the merits of Defendants' other arguments for dismissal at this time. Defendants Youth Opportunity Investments, LLC, Latoya Jackson, Carmita Rosenberg, Ira Bloom, Ms. Johnson, Zedrick Gardner, and Sharon Hill-Smith have also filed Motion to Dismiss the Second Amended Complaint, ECF No. [37]. In that motion, the represented Defendants did not raise the argument

that the SAC is a shotgun pleading. Nonetheless, because the Court finds dismissal is appropriate on this ground, that Motion, ECF No. [37], is denied as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss Plaintiffs' Second Amended Complaint, **ECF No. [38]**, is **GRANTED**.

2. The Motion to Dismiss the Second Amended Complaint and Motion to Strike Punitive Damages Claims, **ECF No. [37]**, is **DENIED AS MOOT**.

3. Plaintiffs' Second Amended Complaint, **ECF No. [30]**, is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiffs are permitted to file the Third Amended Complaint **no later than April 9, 2019**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of March, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record